UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY TUCKER,<br>    No. 206436, | )<br>)<br>) |
|     Plaintiff, | )   Case No. 3:17-CV-00671<br>)   **CHIEF JUDGE CRENSHAW** |
| v. | )<br>) |
| F/N/U SALANDY, *et al.*, | )<br>) |
|     **Defendants.** | ) |

## M E M O R A N D U M

Anthony Tucker, an inmate of the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Deputy Chief f/n/u Salandy, Captain Chris Fly, the Rutherford County Jail, Sergeant f/n/u Davis, Corporal f/n/u Layhaw, Lieutenant f/n/u Flenn, Correction Officer f/n/u Morrison, and Correction Officer f/n/u Spencer, alleging the deprivation of the Plaintiff's personal property. (Doc. No. 1). As relief, the Plaintiff asks for his books to be returned or, alternatively, for $326.00 to cover the cost of replacing the books. (*Id*. at p. 5).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a

1

governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II.     Section 1983 Standard**

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983.   Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ."  To state a claim under § 1983, a plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law.  Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

**III.    Alleged Facts**

The complaint alleges that, under the prior administration of the Rutherford County Adult Detention Center, the Plaintiff was permitted to possess books in his cell as long as the books were listed on a property sheet, approved by the administration, and could fit in two tote or inmate property bags.  The Plaintiff alleges that, since January 2016 or earlier, the Plaintiff's twenty-seven (27) books in his cell were approved by "Major Cagle" and could fit in two tote bags.  According to the complaint, after a new administration took over in October 2016, a new rule regarding inmate books was implemented.  The new rule permits inmates only to have three books in their cell at any one time, as "[e]xcess books and/or items are deemed a threat to the safety and security of the facility." (Doc. No. 1, Attach. 1).  The new rule also requires inmates to donate their books to the jail library after they are finished reading the books.

On February 4, 2017, the Plaintiff's jail pod was subjected to a "shakedown" or a search, including a strip search of all inmates in the pod.  When the Plaintiff returned to his cell after his strip search, he discovered that all of his books were missing.  The Plaintiff's family had sent these books to the Plaintiff, and the Plaintiff has receipts for all of the books showing that they cost

$326.00. The Plaintiff did not consent to anyone taking his books or donating his books to the jail library. He believes that his books are "grandfathered in" as per the previous administration's policy or, at a minimum, he should have been given the opportunity to choose whether he wanted to donate any books in his possession in excess of the new rule. The Plaintiff believes that the jail should supply inmates with library books instead of using the inmates' personal books to stock the jail's library. (Doc. No. 1 at pp. 5, 8).

**IV.    Analysis**

First, the complaint names the Rutherford County Jail as a Defendant. However, the Rutherford County Jail or Adult Detention Center, like any other jail or workhouse, is a place; it is not a "person" that can be sued under 42 U.S.C. § 1983. Cf. Fuller v. Cocran, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); Seals v. Grainger County Jail, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a claim upon which relief can be granted against the Rutherford County Jail, and all claims against the Rutherford County Jail will be dismissed.

The allegations against the remaining Defendants involve the loss of an inmate's personal property. These allegations present claims of an unlawful deprivation of property under § 1983. The Due Process Clause of the Fourteenth Amendment protects against the unlawful taking of a person's property by public officers. However, the Supreme Court has held that, where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth

4

Amendment. Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled on other grounds, Daniel v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Because the Plaintiff's claims are premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. See Copeland v. Machulis, 57 F.3d 476, 479-80 (6th Cir. 1995). Under settled Sixth Circuit law, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action. See Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985).

Here, the Plaintiff has not sustained his burden. State post-deprivation remedies are available to him. The Sixth Circuit Court of Appeals has held that Tennessee's statutory remedy against local governments for loss of property affords an adequate remedy to return items either negligently or intentionally converted. Id. at 199. The Plaintiff has not alleged that he attempted post-deprivation remedies and that they were inadequate. The complaint only alleges that the Plaintiff brought the missing items to the attention of several officers and filed written grievances regarding the matter to facility officials. (Doc. No. 1 at pp. 5, 8 & Attachs.). Thus, because there are adequate state post-deprivation remedies available to the Plaintiff, his Due Process claims against the remaining Defendants will be dismissed without prejudice.[1]

## V.    Conclusion

For the reasons stated above, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the Court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

---

[1] If it is true that the Rutherford County Adult Detention Center's current policy, as implemented by its employees as a matter of policy, custom, and practice, is that inmates are required over their objections to donate their **personal** books to the jail's library, the Court questions whether such a policy can withstand constitutional muster.

Accordingly, this action will be dismissed. However, this dismissal is <u>without prejudice</u>.

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE